IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION No. 1:24-cv-233

| | |
|---|---|
| CHRISTOPHER J. WRETMAN, <br><br> Plaintiff, <br><br> vs. <br><br> THE UNIVERSITY OF NORTH CAROLINA SYSTEM, et al <br><br> Defendants. | **LOCAL RULE 5.5 REPORT** |

[X] **Conference:** The parties have discussed the issues of confidentiality raised in this case and the potential need for filing documents under seal. That discussion included the nature of any confidential documents that may be involved in the case, the possibility of using stipulations to avoid the need to file certain documents, and the possibility of agreed-upon redactions of immaterial confidential information in filings to avoid the need for filing documents under seal.

[__] **Non-Parties:** Because a non-party has produced documents pursuant to a protective order or is otherwise claiming confidentiality over documents filed or expected to be filed in this case, the conference included _____ _____ (identify non-party).

[__] **Default:** The parties certify that few, if any, documents will be

1

filed under seal. The parties agreed to use the default procedures of LR 5.4(c). In addition, if the party filing the motion to seal is not the party claiming confidentiality, the filing party must meet and confer with the party claiming confidentiality as soon as practicable, but at least two (2) days before filing the documents, to discuss narrowing the claim of confidentiality. The motion to seal must certify that the required conference has occurred, and the party claiming confidentiality must file supporting materials required by LR 5.4(c)(3) within 14 days of the motion to seal.

[X] **Alternative Proposal for Cases with Many Confidential Documents.** In order to address claims of confidentiality and reduce the need to file briefs and exhibits under seal, the parties propose the alternative procedure set out in the following proposal, either jointly or as competing alternatives, for consideration by the Court.

**Joint Alternative Proposal for Cases with Many Confidential Documents**

Given the nature of this litigation, the parties anticipate that the motions, briefings, and other filings will necessarily include confidential material, including material protected from disclosure by FERPA and the State Human Resources Act. The parties certify that they will endeavor to minimize confidential materials that will need to be filed under seal.

2

For all filings, the parties propose that confidential materials previously filed with the Court be cited by using the previously designated ECF numbers for the sealed materials and that the parties do not refile those materials.

For routine filings in this litigation, the parties propose that the default procedures of L.R. 5.4(c) apply. In connection with dispositive motions, *Daubert* motions, and motions *in limine*, the parties propose the following alternative procedure:

- The parties shall excerpt any confidential exhibits to include only the materials necessary for determination of the matter before the Court and sufficient surrounding material to provide context.

- The filing party shall file a motion to seal on the public docket containing a non-confidential description of what is to be sealed.

- If the filing party is not the party claiming confidentiality as to all of the materials, the parties shall meet and confer within 7-days to discuss whether the non-filing party can reduce the claims to confidentiality and whether the filing party can reduce the cited information so as to eliminate any information that is unnecessary for determination of the matter before the Court and/or to redact immaterial portions of the cited information.

- If the filing party is not the party claiming confidentiality as to all of the materials, the party claiming confidentiality shall file a response within 14 days of the motion to seal that:
  - Provides the showing as to why sealing is necessary;
  - Provides substitute redacted versions of exhibits that do not need to be sealed in their entirety, if possible; and
  - Provides substitute unredacted versions of exhibits if no sealing is required.

- When the party filing a motion to seal is also the party claiming confidentiality, that party may elect to withdraw the documents for which sealing is sought, if the motion to seal is denied and no other party has relied upon the documents, in which case the documents will not be considered by the Court. Any such election must be included in the initial motion to seal, and if the motion to seal does not include such an election, the documents will be unsealed if the motion to seal is denied.

- The parties anticipate entering a protective order if this case proceeds to discovery and agree that a document marked "CONFIDENTIAL" pursuant to any future protective order shall be a document to which there is a "party claiming confidentiality" and therefore be subject to the sealing procedures designated herein.

Any party may request a meet-and-confer with the other party/parties to discuss potential modifications to these proposed procedures. To the extent that the parties can agree to potential modifications, the parties will make a joint request to the Court to modify the L.R. 5.5 Order. If the parties cannot agree and there is at least good cause to modify the proposed procedures, then any party may seek leave of Court to modify the L.R. 5.5 Order.

Respectfully submitted, this the 13th day of June, 2024.

/s/ Matthew C. Suczynski
Matthew C. Suczynski
matt@matthewcharleslaw.com

Law Office of Matthew Charles
  Suczynski, PLLC
208 North Columbia Street
Chapel Hill NC 27514

4

Tel: (919) 619-3242
Fax: (919) 869-2036
*Attorney for Plaintiff*

JOSHUA H. STEIN
Attorney General

/s/ Anne P. Martin
Anne P. Martin
N.C. State Bar No. 48760
amartin@ncdoj.gov

N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602
Tel: (919) 716-6920
Fax: (919) 716-6764
*Attorney for Defendants*

/s/ Laura E. Dean
Laura E. Dean
N.C. Bar No. 43775
ledean@northcarolina.edu

University of North Carolina
223 S. West Street, Suite 1800
Raleigh, NC 27603
Tel: (919) 962-4551
*Attorney for Defendants University of North Carolina System, University of North Carolina at Chapel Hill, University of North Carolina Board of Governors, and Board of Trustees of the University of North Carolina at Chapel Hill*

/s/ Marla Spector Bowman
Marla Spector Bowman
N.C. Bar No. 49097
marla_bowman@unc.edu

5

Office of University Counsel
University of North Carolina
at Chapel Hill
123 W. Franklin St., Suite 600A
Chapel Hill, NC 27599-9105
Tel: (919) 962-1219
*Attorney for Defendant the University of
North Carolina at Chapel Hill*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing LOCAL RULE 5.5 REPORT with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF users, including Plaintiff's counsel:

Matthew Suczynski <matt@matthewcharleslaw.com>

This the 13th day of June, 2024.

/s/ Anne Phillips Martin
Anne Phillips Martin
Assistant Attorney General
*Attorney for Defendants*
