IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHRISTOPHER J. WRETMAN,            )
                                   )
          Plaintiff,               )
                                   )
     v.                            )
                                   )
THE UNIVESRITY OF NORTH            )
CAROLINA SYSTEM, THE UNIVERSITY    )
OF NORTH CAROLINA AT CHAPEL        )
HILL, THE UNIVERSITY OF NORTH      )
CAROLINA BOARD OF TRUSTEES,        )
BOARD OF GOVERNORS THE             )
UNIVERSITY OF NORTH CAROLINA       )        1:24-cv-233
AT CHAPEL HILL, LEE ROBERTS, in    )
his official capacity, KEVIN       )
M. GUSKIEWICZ, individually,       )
and JEFFREY CAMPBELL, J.           )
CHRISTOPHER CLEMENS, JEREMY        )
ENLOW, C. ELIZABETH HALL, G.       )
MARK HOLMES, T. ADELE MAYFIELD,    )
ANGENETTE MCADOO, LORA WICAL,      )
MARGARET BARRETT, MIMI V.          )
CHAPMAN, RAMONA DENBY-BRINSON,     )
individually and in their          )
official capacities,               )
                                   )
          Defendants.              )

**<u>ORDER</u>**

Before this court is the UNC Defendants' Consent Motion to Seal, (Doc. 17), and a jointly filed Local Rule 5.5 Report, (Doc. 21). For the reasons stated herein this court will grant Defendants' motion and will adopt the Local Rule 5.5 Report.

I.  **BACKGROUND**

Plaintiff Christopher J. Wretman, formerly a Senior Data Analyst at the University of North Carolina at Chapel Hill, (Doc. 4 ¶ 25), filed a complaint in state court alleging he faced a discriminatory investigation by the University that eventually resulted in his discharge. (See generally id.) Plaintiff's complaint was removed to this court on March 15, 2025. (See Doc. 1.) Plaintiff asserts a total of nine claims for relief against the University, the University System, the Board of Governors, the Board of Trustees (collectively, "the UNC Defendants"), and various employees of the University (collectively, the "Individual Defendants"). (Doc. 4 ¶¶ 2–19, 371–484.)

On June 3, 2024, the UNC Defendants filed a Motion to Dismiss. (Doc. 13.) In support of this motion, the UNC Defendants also filed several redacted exhibits, (Docs. 13-2, 13-5, 13-6, 13-9, 13-10),[1] and a redacted brief, (Doc. 14). On the same day, the UNC Defendants filed their Consent Motion to Seal, (Doc. 17), as well as a copy of the Motion to Dismiss, (Doc. 18), unredacted copies of the exhibits, (Docs. 18-2, 18-5, 18-6, 18-9, 18-10), and an unredacted copy of the brief, (Doc.

---

[1] The UNC Defendants also filed a number of unredacted exhibits in support of their motion. However, those exhibits are not the subject of Defendants' motion to seal.

20; see also Doc. 19 (filed in error)), filed under temporary seal. Plaintiff does not contest UNC Defendants' Consent Motion to Seal.

## II. Discussion

### A. Defendant's Consent Motion to Seal

The UNC Defendants request that this court seal "Exhibits 2, 5-6, and 9-10" attached to the UNC Defendants' Motion to Dismiss, as well as "the portions of the UNC Defendants' supporting Brief that reference the sealed portions of those exhibits." (Doc. 17 at 1.) Exhibit 2 is an email sent by Plaintiff to a former UNC student. (Doc. 13-2; Doc. 18-2.) Exhibit 5 is a letter, addressed to Plaintiff, notifying him of the University's intent to discharge. (Doc. 13-5; Doc. 18-5.) Exhibit 6 is a letter, addressed to Plaintiff, notifying him of the University's final decision of discharge. (Doc. 13-6; Doc. 18-6.) Exhibit 9 is a letter, written by Plaintiff and addressed to the "EHRA Non-Faculty Grievance Panel," recounting in detail the events leading up to and through his discharge. (Doc. 13-9; Doc. 18-9.) Exhibit 10 is a letter, written by the Chair of the EHRA Non-Faculty Grievance panel and addressed to Plaintiff, notifying Plaintiff of the panel's dismissal of his grievance. (Doc. 13-10; Doc. 18-10.) The UNC Defendants seek to seal

Exhibits 2 and 9 in their entirety, and seek to redact discrete portions of Exhibits 5, 6, and 10. (Doc. 17 ¶¶ 7, 8.)

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) (footnotes omitted). "[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(d), 707 F.3d 283, 290 (4th Cir. 2013) (citation omitted). Because the exhibits at issue here were "filed with the objective of obtaining judicial action or relief,"[2] they are judicial records. See United States ex rel. Oberg v. Nelnet, Inc., 105 F.4th 161, 171, 173 n.10 (4th Cir. 2024) (citation omitted).

For those records and documents that are judicial in nature, "[t]he right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 575 (4th Cir. 2004)

---

[2] The UNC Defendants lay out grounds explaining why this court may consider these exhibits when ruling on Defendants' motion to dismiss, (see Doc. 13 ¶¶ 9-13), and Plaintiff does not contest that this court may consider these exhibits for the purposes of the motion to dismiss, (see generally Doc. 23).

- 4 -

(citation omitted). "When the First Amendment provides a right of access, a district court may restrict access only on the basis of a compelling governmental interest, and only if the denial [of access] is narrowly tailored to serve that interest." Id. (internal quotation marks and citations omitted). "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." Id. (citation omitted).

Here, even assuming that the higher bar of the First Amendment applies to UNC Defendants' motion to seal, as compared to common law, Defendants' have presented several specific reasons why a compelling governmental interest exists in favor of restricting access to these documents. One, Defendants contend that "Exhibits 2, 5-6, and 9-10 and the associated redacted text include education records containing personally identifiable information concerning affected individuals who were students during the pertinent time." (Doc. 17 ¶ 16.) Two, Defendants contend that "Exhibits 6 and 9 and the associated redacted text also include information about non-party State Employees." (Id. ¶ 17.)

In support their position, Defendants argue that the Family Educational Rights and Privacy Act ("FERPA") disallows the

release of "student 'education records' containing 'personally identifiable information,'" (see id. ¶ 11 (citing 20 U.S.C. § 1232g(b)), and that the North Carolina General Statutes prevents the release of "any employment-related or personal information gathered by [UNC]" about their employees, (see id. ¶¶ 13-14 (citing N.C. Gen. Stat. §§ 126-22, 126-24)). Additionally, Defendants argue that "Courts have recognized that the interests of protecting the privacy of non-parties outweigh[s] the . . . First Amendment right of access to personnel and/or sensitive information of nonparties." (Id. ¶ 15.)

In line with decisions of past district courts in this state, this court "is satisfied that FERPA provides a compelling interest in protecting the privacy of student records in this instance." See Painter v. Doe, No. 3:15-cv-369, 2016 WL 3766466, at *4 (W.D.N.C. July 13, 2016). This court is also satisfied that Defendants have demonstrated a sufficiently compelling interest in protecting the privacy of the non-party employees involved, particularly given the sensitive personnel matters underlying this case. See Armitage v. Biogen Inc., No. 1:17-cv-1133, 2019 WL 1789909, at *3 (M.D.N.C. Apr. 24, 2019). Additionally, Defendants' request to seal is sufficiently narrowly tailored in that they seek redaction of only several lines in each of Exhibits 5, 6, and 10. While they seek to seal

- 6 -

Exhibits 2 and 10 in their entirety, Exhibit 2 is a brief email in which all of the substance is related to a student record, and Exhibit 9, although a lengthier letter, is rife with references to student records and non-party employees. This court is persuaded that a complete seal, rather than a redaction, is sufficiently narrow in scope for these latter two exhibits.

Finally, this court notes that Defendants' Consent Motion to Seal has been publicly docketed since its filing date on June 3, 2024, (see Doc. 17), which has sufficiently provided "the public notice of the request to seal and a reasonable opportunity to challenge the request." See Va. Dep't of State Police, 386 F.3d at 576. After considering alternatives to sealing and finding no less drastic option, this court will grant Defendants' Consent Motion to Seal, (Doc. 17).

## B. Jointly Filed L.R. 5.5. Report

After reviewing and considering the parties' jointly filed Local Rule 5.5 Report, (Doc. 21), this court will adopt the report in its entirety.

## III. CONCLUSION

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that the UNC Defendants' Consent Motion to Seal, (Doc. 17), is **GRANTED**. Defendants' redacted

- 7 -

filings are proper as currently filed. Defendants' unredacted Motion to Dismiss, (Doc. 18), exhibits, (Doc. 18-1 through 18-12), and brief, (Doc. 20), may remain under seal. Defendants' unredacted brief, filed in error, (Doc. 19), may also remain under seal.

**IT IS FURTHER ORDERED** that the parties' Local Rule 5.5. Report, (Doc. 21), is **ADOPTED**.

This the 31st day of March, 2025.

/s/ William L. Osteen, Jr.
United States District Judge